## DELIA L. ROGERS *vs.* THOMAS B. ROGERS.

### Penobscot.    Decided January 14, 1878.

*Ex orbitant claims.    Insolvent estates.*

The report of commissioners on exorbitant claims appointed under R. S., c. 64, § 51, is final unless appealed from.

Neither can such claims, when rejected by the commissioners, be filed in set-off in a suit by the estate, as in cases of claims against insolvent estates, under the provisions of R. S., c. 66, § 18, that section not being applicable to exorbitant claims, as are nine other sections of c. 66.

ON EXCEPTIONS at the October term, 1876.

ASSUMPSIT, on promissory note, dated November 10, 1869, for $100, payable to plaintiff on demand. Writ, dated December, 1875. Plea, general issue. Verdict this term for plaintiff, $60.50. No question was made as to the validity of the note the verdict upon which was reduced by defendant's account in set-off.

At a former trial, January term, 1876, there was a verdict for the plaintiff, which the full court set aside on the defendant's motion as against evidence, the report of which makes part of this case. At the former trial, the defendant's counsel testified that the note in suit had been sued before in an action returnable at the October term, 1871; that he then filed the account in set-off of $62.25, and had in his hands against the estate of the plaintiff's husband, of which she was administratrix, a claim of $46.70, allowed by commissioners on exorbitant claims, and also a claim of a note of $70 and interest, dated June 1, 1867, not allowed by the commissioners; that he proposed to the plaintiff's attorney to call all the demands between the plaintiff and the defendant—including the note then in suit, the account in set-off, and the note and account against her husband's estate—square, and enter the suit, neither party; that the plaintiff's attorney assented to the proposition, and to the entry of "N. P." made on the docket. The verdict at the January term was for the plaintiff; but there being no sufficient countervailing evidence against that of the defendant's attorney, the full court set aside the verdict.

At the second trial, the deposition of the plaintiff's former

attorney was in evidence, and tended to prove that as he understood the agreement, the action agreed to be entered N. P. was not the one upon the present note, but another; and that the note agreed to be given up was not the note in suit, but another, which he understood his client had against the defendant, belonging to her husband's estate, and that he did not intend to settle this note now in suit. Evidence was also introduced tending to show to the contrary, that there was no other suit to which the agreement could apply, and no other note.

The report of the commissioners on exorbitant claims makes part of the case, and shows that this defendant on December 23, 1871, presented claims against the estate of the plaintiff's husband under dates May, 1866, to September, 1869, for sundries $87.70, also a claim for note dated June 1, 1867, for $70, and interest $17, making $87. With his claim was presented a credit, by horse $100. The commissioners allowed $46.70, disallowed the note, and did not pass upon or consider the $100 credit for the horse.

The plaintiff testified in her own behalf, that the consideration of the note in suit was money received on a note belonging to her husband's estate, which money was paid after her husband's death, and before her appointment as administratrix; that she was charged with the full amount of the note, and the defendant took the money and gave this note for it; that she left the note for collection with J. F. Godfrey, at first interview before it was sued, as her attorney, and that he kept it until just before he left for California, when he gave it back to her; and that she never authorized any settlement of the note in the manner now contended for by the defendant.

1. The presiding justice, besides other rulings, to which no objection was made, charged the jury, that the $70 note mentioned in the commissioners' report, and charged in the account submitted to them, was barred by the report, it having been accepted and no appeal therefrom; but that the $100 item credited in same account and report, was not barred, but remained intact and unaffected by the decision of the commissioners, if that sum was actually due from the defendant as credited.

The defendant asked the following instruction:

" If the attorneys made an agreement which by its terms fairly entitled defendant's attorney to understand that the note in suit was included, and defendant acted on such understanding by permitting his claims to be outlawed, then the plaintiff is bound by the agreement."

The presiding justice gave the instruction with this addition: 2. " But if it, by its terms, fairly entitled the plaintiff's attorney to understand that it was not included, and he did so understand, then it could not be included in the agreement."

The defendant alleged exceptions.

*A. W. Paine,* for the defendants, said that his client had suffered a wrong in this; that the plaintiff had waited till his claim of the $70 note was outlawed, and then renewed her suit which had before been settled and compromised by the allowance of the $70 note. He contended that the requested instruction should have been given in the terms asked, and without the addition which neutralized its effect, and invoked a second rule that the construction is to be taken most unfavorably against the party whose acts or language raises the doubt. Other legal positions of his are also covered by the opinion.

*L. Barker, T. W. Vose & L. A. Barker,* for the plaintiff, said that the defendant had suffered no wrong; that as matter of law, the claim for the $70 note, having been before the commissioners, and by them disallowed, was no proper subject of set-off or compromise; that his right to recover on the $70 note was barred, not by the statute of limitations, but by the adjudication of the commissioners.

VIRGIN, J. The instruction relating to the effect of the report of the commissioners is clearly right.

The report of commissioners on exorbitant claims and that of commissioners on claims against insolvent estates, not appealed from, are governed by different statutes.

Prior to 1870, claims against insolvent estates disallowed without appeal taken, were forever barred; and they could neither be recovered by suit, nor filed in set-off, except in case of further assets after distribution. R. S. of 1857, c. 66, § 18. But the

legislature of that year changed the law so that while now, as before, a disallowed claim cannot be the subject of a suit, it may be filed and proved in set-off, to the amount only of the claim which the estate may establish against the claimant. St. 1870, c. 113, § 11, incorporated into R. S., c. 66, § 18. In other words, it now seems that if the claimant would obtain his dividend from an insolvent estate, he must try out his claim disallowed by the commissioners and establish it before a jury on appeal. If, however, he does not care to make a substantive claim against the estate, but simply desires to use it as a protection against any one which the estate may set up against him, and the commissioners reject his, he need not be at the trouble and expense of an appeal, but may bide his time until sued by the estate and then file his claim in set-off and have its merits tried by the jury.

On the other hand the commissioners on exorbitant claims are appointed under R. S., c. 64, § 51. They deal with claims against solvent estates. Their duty is "to determine whether any and what amount shall be allowed on each claim and report," &c. And the statute expressly and peremptorily declares that "their report shall be final, saving the right of appeal." If no appeal is taken to their report, then every item passed upon by them becomes *res adjudicata* unless we legislate another exception to the finality of their report.

It will be observed that while nine sections of the statute governing proceedings in insolvent estates are expressly made applicable to exorbitant claims and proceedings thereon, (R. S,. c. 64, § 51), § 18 relating to disallowed claims being filed in set-off is not one of them. R. S., c. 66, § 18.

2. Neither do we entertain any doubt of the correctness of the "addition" to the defendant's request for instruction. The second rule invoked by the defendant's counsel, viz : "that the construction is to be taken most unfavorably against the party whose acts or language raises the doubt," is not applicable. (1) For the request is based on an agreement made by "the attorneys" without disclosing which used the language; and (2) by referring to the former report which (by the terms of the bill of exceptions) makes a part of this case, we find it was the defendant's proposi-

tion, assented to by the plaintiff, which constituted the agreement.

The defendant has had two verdicts against him; and we see no cause for giving him another trial.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, PETERS and LIBBEY, JJ., concurred.